### STATE v. MANGO.

Common Pleas Court, Trumbull County.

No. 9523.   Decided July 8, 1953.

Charles H. Anderson, Pros. Atty., Warren, for plaintiff.
George Buchwalter and W. Leo Keating, Warren, for defendant.

## OPINION

By McLAIN, J.

The defendant filed a motion herein requesting that the Grand Jury for the April Term 1953, be recalled or a special Grand Jury be impaneled for the purpose of considering the first degree murder charge under which the defendant has been bound over from the Municipal Court of Niles. The reason stated is that if the case comes up in the usual way and is considered by the September Grand Jury, he would be thereby denied his constitutional right to a speedy trial.

In opposition thereto, the Prosecuting Attorney of Trumbull County has filed a memorandum stating that the defendant was apprehended after the April Grand Jury had completed its work; that the office of the Prosecuting Attorney is at present engaged in investigating and preparing for presentation to the next Grand Jury to wit: The September Grand Jury, a great number of criminal cases; that the defendant is being afforded the same consideration as all others charged with felonies and, that if indicted, the Prosecuting Attorney will do everything within his power to expedite an early trial.

The Prosecutor further calls attention to the fact that since the fatal shooting, fourteen years have elapsed during which time the defendant has been in flight and in hiding, and that a delay of a few weeks now would not prejudice his rights.

The right to a "Speedy Trial" guaranteed by our constitution does not entitle the accused to an immediate trial. A "Speedy Trial" to which a defendant in a criminal case is en-

titled is one conducted according to fixed rules, regulations and proceedings of law free from vexatious, capricious and oppressive delay created by the ministers of justice. See 39A Words and Phrases, Speedy Trial, page 488.

The Ohio rule is in accordance with the general rule and is to the effect that the design of the constitution of the State of Ohio and the statutory enactments was to prevent wrongful restraint of liberty growing out of the malice and procrastination of the prosecutor and not to shield a prisoner in any case from consequences of any delay made necessary by the law itself. See **O. Jur., Volume 12, page 269.**

In Trumbull County, Ohio, upwards of two hundred criminal cases are ordinarily presented to the Grand Juries in the course of a year. This has always been done by the investigation and presentation to a Grand Jury regularly called at the beginning of each term of Court, to wit: January, April and September. It has resulted in an orderly disposition of criminal cases in this County.

If a defendant, upon being apprehended or bound over to the Grand Jury could, upon his motion, cause a Grand Jury to be specially called to consider his particular case, it is at once apparent that the orderly administration of justice would be disrupted. The prosecutor being subject at all times to the necessity of changing his regular routine, it would result in a chaotic situation in respect to both the investigation and trial of criminal cases and would interfere with the orderly and fair administration of justice.

It is, therefore, Ordered, Adjudged and Decreed that the motion of the defendant that the April Grand Jury be recalled or a special Grand Jury called for the purpose of considering the charge pending against him be and the same is hereby overruled.